Pfeifer, J.,
dissenting.
{¶ 26} After all these years, I remain confused when litigants assert a federal constitutional right in our state court system without also asserting similar rights under our state Constitution. As we stated in Arnold v. Cleveland, 67 Ohio St.3d 35, 616 N.E.2d 163 (1993), paragraph one of the syllabus:
The Ohio Constitution is a document of independent force. In the areas of individual rights and civil liberties, the United States Constitution, where applicable to the states, provides a floor below which state court decisions may not fall. As long as state courts provide at least as much protection as the United States Supreme Court has provided in its interpretation of the federal Bill of Rights, state courts are unrestricted in according greater civil liberties and protections to individuals and groups.
*422 Barbara Langhenry, City of Cleveland Director of Law, Victor Perez, Chief Prosecutor, and Connor P. Nathanson, Assistant City Prosecutor, for appellant.
Berkman, Gordon, Murray & DeVan, J. Michael Murray, and Steven D. Shafron, for appellees.
Michael DeWine, Attorney General, Eric E. Murphy, Solicitor General, Michael J. Hendershot, Chief Deputy Solicitor, and Samuel C. Peterson, Deputy Solicitor, urging reversal for amicus curiae State of Ohio.
We will never know whether the outcome of the case would have been different had McCardle asserted protection under Article I, Section 11 of the Ohio Constitution.
{¶ 27} Of course, the point should be moot. It is quite clear that Cleveland Codified Ordinance 559.541 is unconstitutional under the federal Constitution because it is not narrowly tailored to further a significant government interest. One obvious example is enough to put the lie to the majority’s conclusion to the contrary.
{¶ 28} McCardle was arrested and charged with violating the ordinance because she remained in Public Square without a permit between the hours of 10:00 p.m. and 5:00 a.m. The city asserts, and a majority of this court believes, that the ordinance is necessary to “safeguard public health, to protect against violence and criminal activity, to conserve city resources, and to preserve property.” Majority opinion at ¶ 15. And yet the ordinance would not prohibit 1,000 Ohioans, or foreigners for that matter, from marching from one side of the public square to the other, over and over, all night, as long as they do not remain in Public Square. How can an ordinance that prohibits one person from remaining in Public Square be considered narrowly tailored to serve a significant government interest when the same ordinance allows 1,000 people or 100 people or one person to walk back and forth through the park all night? It defies logic.
{¶ 29} Public Square has long been the quintessential public forum. Limiting access to it under Cleveland Codified Ordinance 559.541 restricts freedom of speech. How ironic that ground zero of the predatory-lending crisis in Ohio should be considered off limits to the Occupy Cleveland movement, which was protesting, among other things, the financial meltdown that was precipitated in part by predatory lending.
{¶ 30} Cleveland Codified Ordinance 559.541 is not narrowly tailored to further a significant government interest. I dissent.
*423 Ice Miller, L.L.P., Philip Hartmann, Rebecca K. Schaltenbrand, and Stephen J. Smith; and John Gotherman, Ohio Municipal League, urging reversal for amicus curiae Ohio Municipal League.